The STATE of Ohio, Appellee,

v.

GALES, Appellant.

[Cite as *State v. Gales* (1999), 131 Ohio App.3d 56.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 97 C.A. 253.

Decided Feb. 1, 1999.

*Paul J. Gains,* Mahoning County Prosecuting Attorney, and *Janice T. O'Halloran,* Assistant Prosecuting Attorney, for appellee.

*Phillip L. Heasley,* for appellant.

---

GENE DONOFRIO, Presiding Judge.

Defendant-appellant, Lively Gales, appeals from the judgment of the Mahoning County Common Pleas Court entered upon his guilty plea to two counts of felonious assault.

On September 2, 1996, Harry Watkins and Dorothy Horton, a woman whom appellant dated, were traveling in an automobile on Plum Street in Youngstown when a man ran out of a wooded area and fired shots at the car. Watkins was shot in the head. Two days later, appellant was arrested for the shooting. The Youngstown Municipal Court bound appellant over to the Mahoning County Grand Jury, which indicted appellant on two counts of felonious assault in violation of R.C. 2903.11(A)(2) and two firearm specifications.

On October 29, 1997, the day the trial was to begin, appellant and the state reached an agreement. Appellant pled guilty to two counts of felonious assault. The state recommended concurrent sentences of two years on each count and dismissed the gun specifications. The trial court accepted appellant's guilty pleas and set the case for sentencing.

At the December 19 sentencing hearing, over appellant's declaration of innocence, the court sentenced appellant to four years on each count and ordered appellant to pay prosecution costs, medical expenses, and restitution. The within appeal followed.

Appellant sets forth seven assignments of error, the first of which alleges:

"The trial court erred in ignoring defendant's assertions of innocence at sentencing."

Appellant contends that the trial court had the duty to question him about his declaration of innocence and determine whether he made a rational decision to plead guilty. Appellant alternatively argues that, after hearing his assertions of innocence, the court should have asked appellant whether he wished to file a motion to withdraw his guilty plea.

It is true that a guilty plea may not be accepted after a defendant claims he is innocent unless the court determines that defendant's decision to plead guilty is based on a rational conclusion that there is a real chance a jury would find him guilty. See *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. See, also, *State v. McCuen* (June 16, 1995), Columbiana App. No. 92–C–83, unreported, 1995 WL 360764. However, *Alford* does not apply if the protestations of innocence are made after and not contemporaneously with the guilty plea. *State v. Johnson* (Dec. 13, 1994), Mahoning App. No. 93 C.A. 15, unreported, 1994 WL 705068.

Accordingly, a court is not required to inquire into a defendant's reasons for pleading guilty despite his assertions of innocence when such assertions occur at sentencing, after a guilty plea has been accepted. Nor is a court required to inform a defendant about the existence of Crim.R. 32.1, which allows the filing of a motion to withdraw a plea. Appellant's first assignment of error is without merit.

Appellant's second assignment of error provides:

"The trial court erred in misstating defendant's maximum potential sentence under law."

At the plea hearing and in the written plea agreement, an error was made regarding the maximum fine for a conviction of felonious assault, a second-degree felony. The court stated, "[Y]ou could be sentenced for a term of two, three, four, five, six, seven, or eight years on each count in a state penitentiary and/or a fine of up to $20,000 on each count." Under R.C. 2929.18(A)(3)(b), the maximum fine for a second-degree felony is $15,000.

Appellant contends that this misinformation prevented him from understanding the effect of his plea. Crim.R. 11(C)(2)(a) requires the court to advise a pleading defendant of the maximum penalty involved. However, compliance with Crim.R. 11(C)(2)(a) need not be exact; substantial compliance is sufficient. *State v. Johnson* (1988), 40 Ohio St.3d 130, 133, 532 N.E.2d 1295, 1298. "Substantial compliance means that under the totality of the circumstances, the defendant

subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476. The test is whether the court's error prejudiced the defendant in that he would not have pled guilty had the error not been made. *Id.* See, also, *State v. Stewart* (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163.

Appellant cites cases holding that a plea is invalid when entered after the court misstated the maximum prison term. See *State v. Caplinger* (1995), 105 Ohio App.3d 567, 664 N.E.2d 959; *State v. Carroll* (1995), 104 Ohio App.3d 372, 662 N.E.2d 65; *State v. Calvillo* (1991), 76 Ohio App.3d 714, 603 N.E.2d 325. These cases concluded that had the defendant been aware of the true maximum penalty, it is conceivable that the defendant may have elected not to plead guilty. *Id.*

However, the state argues that a misstated prison term is distinguishable from a misstated fine. The state cites *State v. Harper* (1988), 47 Ohio App.3d 109, 547 N.E.2d 395, which held that the trial court did not commit prejudicial error by informing an indigent defendant who was pleading guilty that the fine is $10,000 rather than stating that the maximum fine is $10,000. We agree that *Harper* is more applicable to the present scenario than the cases cited by appellant.

It is highly unlikely that appellant, who was indigent, would have gone to trial instead of pleading guilty had he known that his potential fine was $5,000 less per count than what the court informed him. Moreover, the court did not impose a fine upon appellant. Accordingly, the court's misstatement was not prejudicial. This assignment of error is overruled.

Appellant's third assignment of error contends:

"The trial court erred in misstating the law regarding 'bad time' under R.C. 2967.11."

R.C. 2967.11 gives the parole board administrative authority to extend a prisoner's sentence for crimes committed in prison. Pursuant to R.C. 2943.032, the court is required to inform a defendant pleading to a felony about the following provisions:

"(A) The parole board may extend the stated prison term if the defendant commits any criminal offense under the law of this state or the United States while serving the prison term.

"(B) Any such extension will be done administratively as part of the defendant's sentence in accordance with [R.C. 2967.11] and may be for thirty, sixty, or ninety days for each violation.

"(C) All such extensions of the stated prison term * * * may not exceed one-half of the term's duration.

"(D) The sentence imposed for the felony automatically includes any such extension of the stated prison term by the parole board.

"(E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose * * * a new prison term up to nine months."

■ Appellant alleges that the court erred by failing to inform him that only the commission of a crime can result in an extended sentence pursuant to R.C. 2943.032(A). Appellant also complains that the court failed to inform him that any single extension of his sentence is limited by the definite time periods in R.C. 2943.032(B). The court stated:

"In addition to that sentence, if you violate the rules and regulations of the penitentiary, you can be ordered to serve up to one half of that on top of it. If I give you two years, for example, and you get in trouble while you are in the penitentiary, you could get another year for bad time, for bad behavior."

The court did not make it clear that an extended sentence could be administratively imposed only upon the commission of a crime while in prison and not for mere violations of prison rules. Moreover, the court neglected to personally inform appellant of the available time periods for each extension as required by R.C. 2943.032(B). Therefore, we must determine whether appellant was prejudiced by these errors, *i.e.*, whether he would have pled guilty had the court correctly stated the law.

Appellant signed a written plea agreement, which outlined the parts of the statute that the court failed to cover. Although R.C. 2943.032 requires the court to personally inform appellant of the statute's contents, the written plea agreement is a factor to consider when determining whether a court's omissions are prejudicial.

Moreover, it is unlikely that the court's failure to personally inform appellant about R.C. 2943.032(A) and (B) influenced appellant to plead guilty or prevented him from understanding the effect of his plea. Appellant pled guilty to avoid the two gun specifications, which each carry actual incarceration terms of three years. Although we strongly discourage improper statements of law by trial courts, the omissions by the court set forth under this assignment of error are not prejudicial. Accordingly, this assignment of error is overruled.

Appellant's fourth assignment of error claims:

"The court erred in misstating the law regarding days of credit for good behavior under R.C. 2967.193."

■ At the plea hearing, the court stated that "there is no longer the right to time off for good behavior. So whatever sentence I give you, you will have to

serve." Appellant contends that the court's statement is blatantly incorrect and cites R.C. 2967.193, which allows deductions from the sentence of a prisoner who productively participates in constructive programs offered by the prison. Pursuant to this statute, a prisoner who actively participates in a program for one month will have his or her sentence reduced by one day. These reductions can be erased for prison rule violations. This is not necessarily a statute that allows time off for good behavior.

When the court stated that there is no longer the right to time off for good behavior, it was obviously referring to the repeal of R.C. 2967.19. This statute allowed for reduction of the time a prisoner had to spend in prison before he or she was eligible for parole. A prisoner who faithfully observed the prison rules could get as much as a thirty-percent deduction in prison time. This is the traditional time-off-for-good-behavior statute. Therefore, the court did not err when it stated that there is no longer the right to time off for good behavior. The fourth assignment of error is without merit.

Appellant's fifth assignment of error provides:

"The trial court erred in misstating the law regarding post–release control of defendant under R.C. 2967.28(B)(2)."

Both the written plea agreement and the court erroneously stated that appellant could face postrelease control for up to five years. R.C. 2967.28(B)(2) provides that postrelease control of a second-degree felon lasts three years. The five-year postrelease control period applies to first-degree felons. See R.C. 2967.28(B)(1). The sentencing entry specified the correct three-year time period.

Appellant cites *Calvillo, supra,* 76 Ohio App.3d 714, 603 N.E.2d 325, and alleges that had he known that the postrelease control period was shorter than that stated by the judge at the plea hearing, he may not have pled guilty in the first place. In *Calvillo,* the court committed reversible error by failing to state the correct maximum term of imprisonment. Nevertheless, overstating the time parameters of postrelease control is distinguishable from overstating the maximum term of imprisonment. The maximum term of incarceration is a possibility that a defendant faces when he pleads guilty. The length of a defendant's sentence depends on how the judge's discretion is exercised, whereas postrelease control is not within a judge's discretion. It is statutorily mandated pursuant to R.C. 2967.28.

Appellant understood the effect of his plea to be five years of postrelease control. In actuality, he is only subject to three years of postrelease control. This is different from a defendant pleading guilty because he is afraid of an overstated maximum sentence. It is not conceivable that had appellant known that he was only subject to three years of postrelease control instead of five, he

would not have pled guilty. Furthermore, the court complied with R.C. 2929.19(B)(3)(e)(ii), which requires a sentencing court to notify the defendant that "[t]he parole board may increase the duration of the post-release control subject to a specified maximum." In accordance, the court did not commit reversible error. This assignment of error is overruled.

Appellant's sixth assignment of error alleges:

"The trial judge erred in incorrectly asserting that the victims of the crime in question addressed the court at the plea hearing."

At appellant's sentencing hearing, the court stated that the victims "did speak at the plea hearing and I'm aware and recall what they had to say." Appellant claims that the court abused its discretion in sentencing because the court was wrong when it stated that the victims spoke at the plea hearing. Appellant states that the victims never spoke at the plea hearing.

However, at the plea hearing, the prosecutor told the court that the victims consented to the plea. The victims were present at the plea hearing and responded affirmatively when the court asked them if they agreed with the plea arrangement. Furthermore, the victims' responses are not the reason that the court sentenced appellant to four years on each count.

A trial court has broad discretion in sentencing a defendant and only abuses that discretion when it acts unreasonably, arbitrarily, or unconscionably. *State v. Hill* (1994), 70 Ohio St.3d 25, 29, 635 N.E.2d 1248, 1252; *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172–173, 404 N.E.2d 144, 148–149. The court in the case at bar did not act in such a manner. The sentence imposed is authorized by statute and within the statutory limits as required by *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 24, 34 O.O.2d 13, 14, 213 N.E.2d 179, 180–181. The court reviewed and corrected the presentence investigation, which had improperly omitted the fact that Watkins suffered serious physical harm as a result of a bullet wound to the head. The court stated that appellant had an extensive criminal record that included violent acts. The court explained that it was deviating from the state's recommendation of the minimum sentence because such a sentence would demean the seriousness of the offense and would not adequately protect the public from appellant. After balancing the seriousness and recidivism factors under R.C. 2929.12, the court imposed a sentence that we cannot say was unreasonable. Accordingly, this assignment of error is without merit.

Appellant's seventh and final assignment of error asserts:

"Defendant's attorney's utter failure to object to multiple irregularities in sentencing and to move for plea withdrawal constituted ineffective assistance of counsel."

When determining whether an attorney's representation was ineffective, we must determine whether the attorney's performance was deficient due to serious errors in representation and, if so, whether the deficient performance prejudiced the defendant. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693; *State v. Post* (1987), 32 Ohio St.3d 380, 388, 513 N.E.2d 754, 762–763. To show prejudice, the defendant must demonstrate that because of the deficient performance the result of the proceeding was unreliable. *Id.*

Because we have previously determined that the court's misstatements were not prejudicial to appellant, counsel's failure to object to the court's misstatements was not prejudicial either. Therefore, we need only determine whether an attorney's failure to file a motion to withdraw a guilty plea after his client tells the court that he is innocent constitutes a deficient and prejudicial performance.

In favor of the attorney's performance, appellant may have been asserting his innocence to his attorney since the day of his arrest. When appellant stated his innocence at the sentencing hearing, it may have been nothing new to his attorney.

Moreover, appellant made a decision to plead guilty minutes before his trial was to begin, after ongoing plea negotiations with the state. At the plea hearing, the trial court determined that appellant understood the implications of a guilty plea and what rights he was waiving by pleading guilty. The court also gave appellant the opportunity to speak by asking if he had any questions.

At sentencing, appellant voiced no desire to change his plea and proceed with trial. He merely stated that he did not commit the crime, presumably in hope of a lighter sentence.

An attorney's assistance is presumed effective. *Strickland, supra,* 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694–695. For the aforementioned reasons, counsel's failure to file a motion to withdraw appellant's guilty plea was not an error constituting deficient performance. Accordingly, this assignment of error is overruled.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

Cox and WAITE, JJ., concur.