JOURNAL ENTRY AND OPINION
Defendant-appellant Kenneth Auble (Auble) appeals from the denial of his motion to vacate his plea of guilty. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that Auble was originally indicted on five counts of Rape (R.C. 2907.02) and two counts of Illegal Use of a Minor in a Nudity Oriented Performance (R.C. 2907.23) involving photographs of his girlfriend's granddaughter who was under the age of thirteen at the time of three of the rape offenses[1], and over thirteen for the remaining offenses, and lived in the same house, albeit with an upstairs and a downstairs unit, with Auble and the grandmother.[2] Auble pled not guilty at his August 4, 1998 arraignment.
On May 11, 1999, prior to the commencement of the scheduled trial, Auble pled guilty to three amended counts of Sexual Battery (R.C. 2907.03[A]; which are each third-degree felonies carrying potential imprisonment from 1 to 5 years plus a fine of up to $10,000) and to the two counts involving the nudity oriented performances (which are each second-degree felonies carrying potential penalties of 2 to 8 years imprisonment and a fine of up to $15,000). Auble was also informed that he could be liable for post-release control sanctions for up to five years, and to annual registration as a sex offender for up to ten years following his release from prison. Auble was represented at the hearing by attorneys George Mineff and Mark Rudy. During the plea hearing, the nature of the offenses, the potential punishments, and the proposed plea bargain were detailed, and the trial court informed Auble of his constitutional rights he was waiving by entering a plea of guilty. Auble testified at the hearing that: (1) it was his choice to proceed with the change of plea; (2) he had no questions; (3) he was 51 years of age, a high-school graduate, and not under the influence of drugs or alcohol; (4) by pleading guilty it was an admission of having done the crimes; (5) no threats or promises had been made to him to induce the plea; (6) he was satisfied with the representation of his counsel; (7) he was not on parole or probation; (8) he was guilty to the amended charges of Sexual Battery and the charges involving the nude photograph performances involving a minor.
The trial court, subsequent to the preparation of a pre-sentence investigation report, conducted a sentencing hearing at 9:00 a.m. on June 16, 1999. At this hearing, Auble was represented by attorneys Mineff and Rudy. During the hearing the court was informed by counsel that Auble had no criminal history, had been employed with the same employer for 33 years, and had been awarded three Bronze Stars for combat action in Vietnam in the service of the United States. Defense counsel urged the court to sentence Auble to a community-controlled sanction. Addressing the court, Auble testified: (1) that he knew what he did was wrong and was sorry for his actions; (2) he was remorseful and apologetic to his family and the victim who were in attendance at the hearing; (3) that he did not have sex with the victim or touch her, and did not take the offending photographs. The victim also testified at the sentencing hearing, stating or detailing the following: (1) that Auble committed the offenses in question; (2) the deleterious effects these offenses have had on her life and the family unit; (3) that the two photographs were found in Auble's living room and only Auble, the grandmother and the victim's mother had keys to that area. The court disbelieved Auble's claims of innocence and believed that Auble was in denial. The court sentenced Auble to: (1) 3 years imprisonment on each count of Sexual Battery, concurrent; and, (2) 6 years imprisonment on each of the performance offenses, concurrent. In addition to the total of 6 years imprisonment, the trial court found Auble to be a sexually-oriented offender.[3] At 4:08 p.m. on July 16, 1999, well after the sentencing hearing had concluded and the sentencing order had been entered (but prior to its journalization on June 21, 1999), Auble filed his motion to vacate his guilty plea and conviction. Attached to this motion were excerpts from the sentencing hearing and an affidavit from Auble. In the affidavit, Auble averred that he was innocent of the charges and that his counsel told him that, in exchange for his plea of guilty, he would receive probation.
The trial court overruled the motion to vacate on July 27, 1999 without an evidentiary hearing.[4]
Auble's appeals present two assignments of error for review.
 I THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO VACATE HIS PLEA.
Crim.R. 32.1 provides in pertinent part, as follows:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
With regard to post-sentence applications to vacate a guilty plea, this court recently stated:
 If the motion to withdraw the plea is made after the sentence is imposed, the defendant must show that withdrawal must be permitted to correct manifest injustice. Crim.R. 32.1, State v. Smith (1977), 49 Ohio St.2d 261. The decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court. Id. The trial court is to resolve issues of credibility and the weight of the defendant's assertions in his motion. Id. Generally, a hearing on a postsentence motion to withdraw a plea "is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn." State v. Hamed (1989), 63 Ohio App.3d 5, 7; State v. Nathan (1995), 99 Ohio App.3d 722, 725. If the record demonstrates compliance with Crim.R. 11, the defendant's own self-serving declarations or affidavits alleging a coerced guilty plea are insufficient to rebut the record on review which shows that his plea was voluntary. State v. Kapper (1983), 5 Ohio St.3d 36, 38. A letter or affidavit from the court, prosecutors or defense counsel alleging a defect in the plea process may be sufficient to rebut the record on review and require an evidentiary hearing. Id.
 In this case, the certified transcript indicates that the trial court complied with Crim.R. 11. An uncertified transcript page and appellant's own affidavit are insufficient to demonstrate that a manifest injustice occurred. The trial court did not err in denying the motion to withdraw the plea.
State v. Rogers (Feb. 17, 2000), Cuyahoga App. Nos. 76627 and 76628, unreported, 2000 WL 193248, at 2-3.
In the case sub judice, Auble complains that a manifest injustice occurred in not vacating his guilty plea. Auble asserts that he steadfastly maintained his innocence and that he was promised by defense counsel that he would receive probation in exchange for his plea of guilty. The record does not support Auble's assertion. The record indicates that the trial court fully complied with Crim.R. 11 in taking the plea of guilty. Auble testified that no promises were made to him in exchange for his guilty plea. The victim clearly identified Auble as the offender who committed the offenses in issue. His self-serving averments to the contrary are insufficient to demonstrate a manifest miscarriage of justice. Finally, Auble's protestation of innocence at the sentencing hearing does not warrant, as Auble contends on appeal, the trial court to inquire whether the defendant wished to withdraw his plea at that moment. See State v. Gales (1999), 131 Ohio App.3d 56
(trial court is not required under North Carolina v. Alford [1970], 400 U.S. 25, and Crim.R. 32.1, to question the defendant, who had entered a guilty plea, about a declaration of innocence which was made for the first time at sentencing, or ask defendant whether he wished to file a motion to withdraw guilty plea). We conclude that the trial court did not abuse its discretion in denying the motion to vacate.
The first assignment of error is overruled.
 II IT WAS PREJUDICIAL ERROR FOR THE TRIAL COURT TO REFUSE TO PERMIT APPELLANT TO WITHDRAW HIS PLEA, BECAUSE TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
Auble claims that his counsel was ineffective at both his guilty-plea hearing and sentencing hearing and that these alleged infirmities demonstrate a manifest miscarriage of justice in the court not granting the motion to vacate. The sole support of this claim is that counsel failed to adequately investigate the case so as to support Auble's claim of innocence. This claim is supported only by the self-serving affidavit by Auble attached to the motion to vacate, in which Auble averred: (1) that he only met with attorney Mineff one time at Mineff's office to discuss the case; (2) that he always professed innocence to the charges; and, (3) that Auble was promised probation by counsel in exchange for the plea of guilty.
The Ohio Supreme Court in State v. Bradley (1989), 42 Ohio St.3d 136,141-142, applying State v. Lytle (1976), 48 Ohio St.2d 391,396-397, vacated on other grounds (1978), 438 U.S. 910, set forth a two-part test when considering an allegation of ineffective assistance of counsel:
 First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.
We are also mindful that the defendant has the burden of proof in a claim for ineffective assistance of counsel since a licensed attorney is presumed to be competent by Ohio courts. Lytle, supra, at 397.
We find no merit in Auble's claim of ineffective assistance of counsel. Auble's averment that his counsels' investigation and performance was inadequate is contradicted by Auble's own testimony from the guilty-plea hearing in which Auble stated that he was satisfied with counsels' representation. Also, there is no evidence, apart from Auble's self-serving affidavit, to suggest that Auble was promised probation in exchange for his guilty plea; significantly, no mention of this probation deal was mentioned at the guilty-plea hearing or the sentencing hearing. The trial court did not abuse its discretion in denying the motion to vacate.
The second assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
 __________________________ SWEENEY, JAMES D., J.
ANNE L. KILBANE, J., and JAMES M. PORTER, J., CONCUR.
[1] The three Rape offenses where the victim was under the age of thirteen years of age each carried a potential life sentence.
[2] The granddaughter-victim was born on February 22, 1985. The offenses occurred from early 1997 through early 1998.
[3] The order appealed from in Appeal No. 76709 is the conviction and sentencing order.
[4] The order appealed from in Appeal No. 76884 is the denial of the motion to vacate.