[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
After only one day of trial, defendant appellant Norman Sneed entered an agreed guilty plea to a reduced charge of involuntary manslaughter of Jerome Crutchfield and a gun specification in case numbered B-0001548, and he pleaded guilty to aggravated robbery in case numbered B-0002114. The remaining charges were dismissed. Sneed was sentenced to serve thirteen years for involuntary manslaughter and three years for the gun specification, to be served consecutively, and he was sentenced to serve ten years for aggravated robbery, to be served concurrently with case number B-0001548. Sneed filed an appeal asserting three assignments of error, none of which we find to be well taken.
In his first assignment of error, Sneed maintains that the trial court erred in failing to comply with Crim.R. 11. While Sneed acknowledges that the trial court complied with the Crim.R. 11(C) requirements regarding the plea colloquy, he claims that the trial court committed reversible error when it failed to determine whether his protestation of innocence at the sentencing hearing transformed his plea into an Alford plea,[2]
and whether the protestation demonstrated that he had been coerced into making the plea. Sneed stated the following at the sentencing hearing:
 I just like my mama said, I ve been knowing we made a wrong decision, me and Crutchfield. If that was me on that street corner that night, that would have been me, you know what I mean, they would have killed me, but it was Crutch out there. It ain't I ain't do that to Crutch. You all know I been knowing you for all my life.
 First, we are unpersuaded that Sneed's statement amounted to a protestation of innocence. The statement is, at best, ambiguous, and it was certainly not sufficient to cause the trial court to set aside an agreed plea and sentence. Moreover, upon our review of the record, we are not convinced that the trial court conducted anything less than a complete Crim.R. 11(C) colloquy prior to sentencing. And, even assuming the statement was in fact a protestation of innocence, we are unpersuaded that this transformed his plea into an Alford plea because the alleged assertion of innocence was made after the plea had been entered.[3] As a result, we overrule the first assignment of error.
In his second assignment of error, Sneed challenges the effectiveness of his trial counsel. He claims that he was denied effective assistance of counsel because his attorney failed to move for a motion to withdrawal of his guilty plea pursuant to Crim.R. 32.1 after he allegedly proclaimed his innocence at the sentencing hearing. As we have already discussed, Sneed's statement was ambiguous at best; therefore, we cannot conclude that counsel's performance was deficient in failing to recognize that Sneed may have been protesting his innocence.[4] The second assignment is, therefore, overruled.
In the third assignment of error, Sneed alleges that the trial court erred by failing to make the necessary findings under the felony-sentencing guidelines to impose maximum, consecutive sentences for involuntary manslaughter and aggravated robbery.
Pursuant to R.C. 2953.08(D), an imposed sentence is not subject to review where it is authorized by law, has been jointly recommended by the defense and prosecution in the case, and is imposed by a sentencing judge. Here, sentences for aggravated robbery and involuntary manslaughter were authorized by law because they did not exceed the statutory range. Additionally, the court imposed the exact sentence agreed upon by Sneed and the state. Given that, we hold that findings were not necessary here.[5] The third assignment is overruled.
We, therefore, affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[2] See North Carolina v. Alford (1970), 400 U.S. 25,91 S.Ct. 160.
[3] See State v. Gales (1999), 131 Ohio App.3d 56, 60, 721 N.E.2d 497,499.
[4] See Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.
[5] See State v. Engleman (August 18, 2000) Hamilton App. No. C-990845, unreported, appeal not allowed (2000), 90 Ohio St.3d 1481,738 N.E.2d 1254.