OPINION
This is an appeal from the judgment and sentence of the Crawford County Common Pleas Court sentencing Defendant-appellant Leonard Cole (Cole) to eight years in prison for Burglary.
On September 11, 2000, Cole was indicted on one count of Burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree, for the theft of items totaling $3,800 including two guns and a lock box containing class rings, baby rings, birth certificates, insurance papers and car titles. As reflected in a judgment entry dated September 19, 2000, Cole pled not guilty but subsequently changed his plea to guilty on January 5, 2001, by signing a written plea agreement and appearing at a plea hearing. The plea agreement stated that Cole could be subject to post-release control for up to three years and also included the possible penalties for violating those conditions. In exchange for his plea, the State agreed to recommend judicial release after four years or in the alternative, three years if the stolen property was returned. At the change of plea hearing, Cole acknowledged that the written plea embodied his understanding of the agreement that he made with the state.
On February 20, 2001, Cole was sentenced to eight years of incarceration and up to three years of post release control. In imposing the sentence, the trial court considered the record, which included a pre-sentence investigation report (PSI).
At the hearing, the trial court mentioned several statements that Cole made to the probation department that could not be verified, that he used an alias when apprehended on the current charge and that Cole's record in Oklahoma includes concealing stolen property, strong arm burglary, making false declarations to a pawn broker and two prior burglary convictions. The trial court also mentioned that Cole had committed a battery while in prison and that Oklahoma has an active warrant out for Cole for failing to appear at a jury trial. The trial court then went on to evaluate these factors and found that the public needed protection from Cole, that "giving him a break" would demean the seriousness of the offense, that he had a history of criminal convictions, that Cole had not responded favorably to incarceration and finally, that the impact on and loss to the victim was great.
In its judgment entry, the trial court noted that in sentencing Cole, it had balanced the seriousness and recidivism factors under R.C. 2929.12, that Cole must be given more than the minimum sentence in order to protect the public from future crime under R.C. 2929.14(B), and that Cole had committed the "worst form of the offense" and poses the "greatest likelihood of recidivism" under R.C. 2929.14(C).
Accordingly, the trial court sentenced Cole to the maximum sentence, eight years. Cole appeals the plea and sentence, raising three assignments of error.
The first assignment of error asserts:
 The trial court erred in including post-release incarceration and sanctions in Defendant's sentence, where defendant was not advised of the same by the court.
During a plea hearing, the court cannot accept a plea of guilty without first addressing the defendant personally and determining that the plea is made voluntarily with an understanding of the maximum penalty involved. Crim R. 11(C)(2)(a). Furthermore, prior to accepting a guilty plea which will result in imprisonment,
the court shall inform the defendant personally, [that] all of thefollowing apply:
 (A) The parole board may extend the stated prison term if the defendant commits any criminal offense under the law of this state or the United States while serving the prison term.
 (B)Any such extension will be done administratively as part of the defendant's sentence in accordance with section 2967.11 of the Revised Code and may be for thirty, sixty or ninety days for each violation.
 (C) All such extensions of the stated prison term for all violations during the course of the term may not exceed one-half of the term's duration.
 (D) The sentence imposed for the felony automatically includes any such extension of the stated prison term by the parole board.
 (E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months.
R.C. 2943.032.
When considering whether the trial court has adhered to these requirements, the reviewing court must consider whether the trial court has substantially complied with these provisions. State v. King (Aug. 23, 2000), Auglaize App. No. 2-2000-11, unreported. "Substantial compliance" means that "under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving." Id. (quoting State v. Nero (1990),56 Ohio St.3d 106, 108). Accordingly, when asserting that a plea was not knowingly, intelligently, and voluntarily made a defendant must show a prejudicial effect and that the plea would not have otherwise been made.Id.
In this case, Cole signed a written plea agreement that set forth all of the provisions listed in R.C. 2943.032 prior to the plea hearing. Furthermore, the trial court engaged in the following dialog with Cole regarding the written plea agreement after the plea was submitted to the court:
Court: * * * Mr. Cole, is this your understanding?
Defendant: Yes, Sir.
Court: * * * Do you have any questions concerning these?
Defendant: No, sir.
Court: None at all?
Defendant: (the Defendant shook his head negatively)
Court: Okay. And are you ready to enter your guilty plea?
Defendant Yes, sir.
* * *
Court: This is purely voluntary on your behalf?
Defendant: Yes, sir.
While the trial court did not specifically mention post-release control provisions at the hearing, the written plea agreement contained the appropriate recitation required by R.C. 2943.032, Cole admitted at the hearing that the plea agreement was his understanding of the deal he made with the state, and he did not ask for any clarifications when given the opportunity. Taken together, these circumstances demonstrate that Cole understood the nature of his plea including the post-release control provisions. Furthermore, it was not likely that Cole would have changed his decision to plead guilty considering the prosecution was willing to recommend judicial release after only a few years of incarceration. Consequently, we conclude that the omission of the trial court to verbally recite the factors in R.C.2943.032 at the hearing was not prejudicial in this case. See also State v. Griffin (July 24, 1998), Hamilton App. Nos. C-970507, C-970527, unreported (holding that a guilty plea was not invalidated by the court's failure to recite the factors in R.C. 2942.032 the defendant when he executed two written plea agreements); State v. Gales (1999), 131 Ohio App.3d 56, 62 (holding that while R.C. 2943.032 requires the court to personally address the defendant with the provisions listed, the written plea agreements is a factor to consider when deciding whether a court's omissions are prejudicial). Accordingly, the Appellant's first assignment of error is overruled.
As both of the Appellant's second and third assignment of error involve similar issues, they will be discussed together. They assert:
 The trial court erred by sentencing the defendant to the maximum sentence of incarceration, based upon unverified information.
 The trial court erred in determining that the defendant had committed the worst form of the offense and thereby improperly sentencing the defendant.
In reviewing a felony sentence, an appellate court is to review the propriety of the trial court's sentencing decisions and substitute its judgment only upon finding clear and convincing evidence one of the four errors described in R.C. 2953.08 which includes circumstances where the record does not support the sentencing court's findings or is otherwise contrary to law. State v. Martin (1999), 136 Ohio App.3d 355, 361. Moreover, the trial court is in the best position to make the fact-intensive evaluations required by the sentencing statutes as the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society. Id.
The general purpose of sentencing is to punish the offender and to protect the public from future offenses. R.C. 2929.11. Accordingly, when sentencing a defendant who has been convicted of a felony, the trial court must evaluate the factors set forth in 2929.12(B) and (C) relating to the "seriousness of the conduct" which include in relevant part whether the victim suffered serious psychological or economic harm. The court must also evaluate the factors set forth in 2929.12(D) and (E) relating to the "likelihood of the offender's recidivism" which includes in relevant part whether the offender has a history of criminal convictions and whether the offender has been rehabilitated to a satisfactory degree. To determine whether these factors are present, the trial court may examine the record, the testimony from any witnesses at the hearing and a PSI, if one is prepared. R.C. 2929.19(B)(1).
R.C. 2929.14(A)(2) provides that an offender who commits a felony of the second degree may be sentenced from two to eight years in prison. Accordingly, the court may sentence the offender to more than the minimum sentence if it finds that the seriousness of the offender's conduct would be demeaned or that the public would not be adequately protected. R.C.2929.14(C).
However, the court may only sentence the offender to the longest term if it finds that the defendant is a person who "committed the worst forms of the offense [or] * * * who pose[s] the greatest likelihood of committing future crimes." R.C.2929.14(C). See also State v. Cosgrove
(May 8, 2001), Auglaize App. No. 2-2000-33, unreported (allowing sentence to stand when record supports "the greatest likelihood of the committing future crimes" but fails to support the "worst form of the offense."). Moreover, the court must also give reasons for its findings on the record for sentencing an offender to the maximum term as listed in R.C.2929.14(C). R.C. 2929.19(B)(2)(d); see also State v. Edmondson (1999),86 Ohio St.3d 324 R.C. 2929.14(C) and 2929.19(B)(2)(d) prevents a court from imposing a maximum sentence unless the court records findings that gives its reasons for selecting the maximum sentence.). In evaluating whether R.C. 2929.14 has been satisfied, the trial court should look to the factors laid out in R.C. 2929.12. Martin, 136 Ohio App.3d at 362. Accordingly, the sentencing court may use its discretion, utilizing its own personal judgment, to assign the weight given to each particular statutory factor. State v. Arnett (2000), 88 Ohio St.3d 208, 215-216.
In this case, Cole pled guilty to a felony of the second degree and therefore could be sentenced to a maximum of eight years. Appellant argues that the Court should not rely on the fact that certain statements made by Cole were not verifiable. While the court may not use evidence that is materially false when sentencing, this is not the circumstance in this case. Arnett, 88 Ohio St.3d at 218 (citing Townsend v. Burke
(1948), 334 U.S. 736, 741(a sentence is constitutionally invalid if the foundation is "so extensively and materially false" that due process is lacking)).
Here, the court merely noted that there were a number of assertions Cole made to the police and probation department that could not be verified and that taken as a whole, these statements tended to diminish his credibility with that court. However, as the information relied on by the trial court in the sentencing hearing was listed in the PSI report and the trial court may evaluate and rely on the sentencing factors in the PSI report using its own personal discretion, this was a valid use by the sentencing court of this information.
Appellant further argues that the evidence the court relied on in sentencing was not adequate to establish the "worst form of the offense." We agree. At the sentencing hearing, the trial court gave the following reasons for the sentence he imposed:
 Court: Now the Court has to consider sentencing factors in this state. * * * I have to look out for the protection of the public. * * * I [and] look at your prior record and that shows me that basically, * * * giving you a break would demean the seriousness of not only this offense, but of a person with a prior record like you who has jumped bail, et cetera.
 You know, burglary, that offends more people than most other crimes other than sexual and the crimes of physical violence. They feel that they've been totally violated. They're generally paranoid. They're very scared the rest of their life because a person's home is their castle, and you invaded their castle.
 Another sentencing consideration I have to consider is your history of criminal convictions. You have multiple convictions in Oklahoma.
 And also, I have to look at whether or not you have responded favorably in the past to sanctions imposed on prior convictions. And, again, we received from Oklahoma that you have multiple infractions while you were in prison there.
 This is a very serious crime. The victims suffered psychological and economic harm. There's $3,800 loss reported, but that $3,800 could never repay them for those mementos that they did lose, such as * * *, class rings, baby rings, birth certificates, insurance papers, car titles.
The court noted that there was economic and psychological harm to the victims resulting from the theft of irreplaceable family mementos, which supports the "seriousness of the conduct" but this does not adequately establish how this constitutes a "a worst form of the offense" of burglary.
On the other hand, the court noted that Cole had a history of criminal convictions and had not responded favorably to past sanctions by detailing Cole's extensive criminal record in Oklahoma, all of which tends to indicate a strong "likelihood of recidivism." Consequently, even if the record does not adequately support a finding of the "worst form of the offense," we conclude that the trial court substantially satisfied its obligation under R.C. 2929.12 and R.C. 2929.14, in that the record regarding Cole's numerous criminal convictions and current warrants out of Oklahoma clearly supports a finding that he poses the greatest likelihood of committing future crimes. Accordingly, the Appellant's second assignment of error is overruled.
For all of the foregoing reasons, the sentence of the trial court is affirmed.
BRYANT, J., concurs.
HADLEY, J., concurs in judgment only.