[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following no contest pleas entered in two separate hearings, defendant-appellant, Carolyn E. Jones, was convicted of two counts of robbery pursuant to R.C. 2911.02(A)(3). The trial court sentenced her to five years' imprisonment on each count, to be served concurrently. This appeal followed.
Jones presents two assignments of error for review. In her first assignment of error, she contends that the trial court erred by failing to comply with the provisions of Crim.R. 11(C). She argues that the court failed to inform her of the maximum penalty she could have received if she were convicted of each count, as required by Crim.R. 11(C)(2), because it failed to inform her of the maximum fine for each count.
Both counts of which Jones was convicted were third-degree felonies. Therefore, the court could have imposed a maximum fine of $10,000 on each count. R.C. 2911.02(B); R.C. 2929.18(A)(3)(c). Our review of the record shows that, at each of the plea hearings, the trial court informed Jones that she could have received a maximum fine of $10,000. Further, both written no contest pleas that Jones had signed informed her that the court could impose a maximum fine of $10,000. Consequently the trial court informed Jones of the maximum penalties she could have received.
Jones also argues that the trial court failed to inform her, as required by R.C. 2943.032(A) and (B), that the parole board could automatically extend her prison sentence, pursuant to R.C. 2967.11, if she committed a criminal offense during her prison term. However, the Ohio Supreme Court declared that the "bad time" provisions of R.C. 2967.11
were unconstitutional several months prior to the plea hearings in this case. See State ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132,729 N.E.2d 359, syllabus; State v. Williams (Dec. 22, 2000), Hamilton App. No. C-000171, unreported. Jones was not prejudiced by the trial court's failure to inform her about a sentence extension that could not be imposed. See State v. Gale (1999), 131 Ohio App.3d 56, 721 N.E.2d 497;State v. Cole (Sept. 25, 2001), Crawford App. No. 3-01-08, unreported.
In sum, the record demonstrates that the trial court strictly complied with the provisions of Crim.R. 11(C) regarding the constitutional rights enumerated in Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709, and substantially complied with the other provisions of the rule and with R.C. 2943.032. See State v. Ballard (1981), 66 Ohio St.2d 473,423 N.E.2d 115; State v. McCann (1997), 120 Ohio App.3d 505,698 N.E.2d 470; Cole, supra; State v. Redden (June 11, 1999), Hamilton App. No. C980271, unreported. The trial court conducted a meaningful dialogue to determine whether Jones's pleas were made knowingly and voluntarily. See State v. Nero (1990), 56 Ohio St.3d 106, 565 N.E.2d 474. Consequently, the trial court did not err in accepting Jones's pleas, and we overrule her first assignment of error.
In her second assignment of error, Jones contends that the trial court erred by imposing the maximum sentence on each count. The trial court did find both that Jones had committed the worst form of the offenses and that she posed the greatest likelihood of recidivism, although the court only checked the line relating to the greatest likelihood of recidivism on the sentencing worksheet. The court based its findings on Jones's pattern of preying upon elderly women, the physical and psychological harm suffered by the victims, Jones's lengthy criminal history, her unaddressed drug problem and her lack of remorse.
Consequently, the trial court made the findings required by R.C.2919.14(C) to justify the imposition of maximum sentences and adequately stated its reasons for making those findings. We cannot say that the trial court's sentences were not supported by clear and convincing evidence or that they were contrary to law. Therefore, we will not disturb those sentences. See State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131; State v. Parsons (Nov. 26, 1999), Hamilton App. No. C-980900, unreported; State v. Napier (Aug. 28, 1998), Hamilton App. No. C-970383, unreported. Accordingly, we overrule Jones's second assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.