OPINION
{¶ 1} Defendant-appellant, Jack B. Todd, appeals his conviction for forgery in the Clermont County Court of Common Pleas. We affirm appellant's conviction.
 {¶ 2} On August 14, 2002, appellant was arrested in connection with complaints regarding a series of forged checks. On September 5, 2002, appellant was indicted on nine counts of forgery in violation of R.C.2913.31(A)(3), all felonies of the fifth degree. On January 6, 2003, appellant entered a guilty plea to Count No. 1 of the indictment in exchange for the dismissal of the remaining eight counts. On February 3, 2002, the trial court sentenced appellant to serve an 11-month prison term, which would run consecutively with any sentences resulting from similar charges in another Clermont County case and a similar matter pending in Brown County, Ohio. Appellant appeals his conviction, raising two assignments of error. For the purpose of clarity, we will address the assignments of error out of order.
 {¶ 3} Assignment of Error No. 2:
 {¶ 4} "The trial court erred when it allowed the defendant to enter a guilty plea that was not knowingly and voluntarily provided."
 {¶ 5} In appellant's second assignment of error, he claims that his guilty plea was not knowingly and voluntarily made as required by Crim.R. 11. Appellant argues that his guilty plea should have been withdrawn when it became apparent that appellant had not been adequately advised as to his legal rights and options, and that his attorney was not adequately prepared for trial.
 {¶ 6} Crim.R. 11(C)(2) provides the procedure a trial court must follow when accepting a guilty plea in a felony case, and states:
 {¶ 7} "In felony cases the court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 {¶ 8} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 9} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 10} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 11} A trial court must strictly comply with the provisions of Crim.R. 11 that relate to constitutional rights. State v. Ballard
(1981), 66 Ohio St.2d 473, paragraph two of the syllabus. Even though the trial court is not required to quote the specific language contained in the statute, the record must indicate that the trial court explained these rights in a manner reasonably intelligible to the defendant. Id. However, the trial court need only substantially comply with the requirements of Crim.R. 11 that involve the waiver of non-constitutional rights. Id. at 476; State v. O'Connor, Butler App. No. CA2001-08-195, 2002-Ohio-4122. For a court to substantially comply with Crim.R. 11, under the totality of the circumstances, the court must determine that the defendant subjectively understands the implications of his plea and the rights he is waiving. State v. Nero (1990), 56 Ohio St.3d 106, 108;State v. Stewart (1977), 51 Ohio St.2d 86, 92.
 {¶ 12} After thoroughly examining the record, we find that the trial court complied with the requirements of Crim.R. 11 before accepting appellant's guilty plea. According to the record, the trial court explained to appellant that before the court could accept his guilty plea, the court would advise him of his rights and ask questions to determine if the plea was being made voluntarily and knowingly. The trial court then carefully explained the charge to appellant, and appellant responded that that he understood the charge.
 {¶ 13} The trial court then explained that the court could impose the maximum sentence for the charge, and the court could order the sentence to be served consecutively with any sentence imposed by another court. The trial court further explained that the court could impose court costs, restitution, and a fine, and also that it could impose community control. Appellant then indicated that he understood. Next, the trial court explained to appellant his right to plead not guilty, not guilty by reason of insanity, guilty, or no contest, his right to an attorney at all proceedings, and his right to an appointed attorney. Appellant indicated that he understood each of these rights.
 {¶ 14} Then, the following conversation transpired:
 {¶ 15} "THE COURT: Now, in this case, Mr. Todd, you've been represented by Mr. Montgomery. Have you talked this case over fully with him?
 {¶ 16} "THE DEFENDANT: Yes, sir.
 {¶ 17} "THE COURT: And are you satisfied with his representation?
 {¶ 18} "THE DEFENDANT: Yes.
 {¶ 19} "THE COURT: Now, you delayed before answering that question. Do you have any —
 {¶ 20} "THE DEFENDANT: Yes, sir.
 {¶ 21} "THE COURT: Do you have any dissatisfaction?
 {¶ 22} "THE DEFENDANT: No, sir.
 {¶ 23} "THE COURT: Okay. Do you believe Mr. Montgomery's representation in this case had been competent and that he's represented you diligently?
 {¶ 24} "THE DEFENDANT: Yes, sir."
 {¶ 25} The court then explained to appellant his right to be tried by a jury, his right to waive a jury trial, his right to see, hear and question witnesses, his right to present evidence in his favor at trial, and his right to have the court compel witnesses to testify on his behalf. After the trial court explained each right, appellant indicated that he understood. The court then explained to appellant his right to testify or remain silent, and his right to require the state to prove its case beyond a reasonable doubt. Appellant indicated that he understood.
 {¶ 26} Next, the court explained to appellant that by entering a guilty plea, he was waiving all of the rights the trial court had just explained. Appellant responded that he understood. The court then explained to appellant that by pleading guilty, he was admitting his guilt as to the offense charged. Appellant stated that he understood. After the state read the indictment, the following took place:
 {¶ 27} "THE COURT: With full understanding of everything I've gone over with you then, how do you plead to the charge of forgery as it is set forth in Count No. 1 of the indictment?
 {¶ 28} "THE DEFENDANT: I plead guilty, Your Honor.
 {¶ 29} "THE COURT: Are you doing so voluntarily of your own free will?
 {¶ 30} "THE DEFENDANT: Yes, sir."
 {¶ 31} The court then accepted appellant's guilty plea as being entered knowingly, intelligently, and voluntarily, and found appellant guilty of the offense.
 {¶ 32} However, during the sentencing hearing, the following exchange took place:
 {¶ 33} "THE DEFENDANT: The checks were being cashed while I was in jail, sir. If you look at the indictment in the case before you, the cash — the checks are being cashed while I'm locked up in the county jail.
 {¶ 34} "THE COURT: Well, you pled guilty to forgery.
 {¶ 35} "THE DEFENDANT: I had no choice, sir.
 {¶ 36} "THE COURT: You had no choice?
 {¶ 37} "THE DEFENDANT: No, sir.
 {¶ 38} "THE COURT: You did have a choice, because I went through it thoroughly with you and I indicated all the choices that you did have at the time of the plea hearing. You understood that. You acknowledged it. [The state] provided a statement of facts. You acknowledged that the statement of facts was correct.
 {¶ 39} "THE DEFENDANT: Two days prior to trial, sir, I'm in black and white. I'm dressed like the Hamburglar, and told I had to go to trial on January the 8th. And no witnesses had been subpoenaed whatsoever, sir. I had no choice."
 {¶ 40} Appellant's statements at the sentencing hearing indicate that he was not satisfied with his counsel's representation and that he felt his counsel was unprepared for the upcoming trial. However, those statements directly contradict appellant's earlier statements, which indicated that he was satisfied with his representation. Based on our review of the record, the trial court complied with Crim.R. 11, taking great care in determining that appellant's plea was being made in a knowing, intelligent, and voluntary manner. Nothing in the record indicates appellant's dissatisfaction with his representation until after the trial court accepted appellant's guilty plea.
 {¶ 41} A court may not accept a guilty plea after a criminal defendant claims he is innocent unless it determines that his decision to plead guilty is based on a rational conclusion that there is a real chance the jury would find him guilty. North Carolina v. Alford (1970),400 U.S. 25, 91 S.Ct. 160. However, this does not apply if "the protestations of innocence are made after and not contemporaneously with the guilty plea." State v. Gales (1999), 131 Ohio App.3d 56, 60. Thus, a trial court is not required to inquire into a defendant's reasons for pleading guilty despite his assertions of innocence when those assertions are made at sentencing, after the court has accepted a guilty plea. Id.
 {¶ 42} Crim.R. 32.1 provides that a motion to withdraw a plea of guilty may be made before a sentence is imposed. However, appellant made no such motion, nor was the trial court required to inform him about the existence of Crim.R. 32.1. Gales, 131 Ohio App.3d at 60.
 {¶ 43} We find no error in the trial court's acceptance of appellant's guilty plea, as appellant unambiguously admitted his guilt and indicated his satisfaction with his representation at the plea hearing. Accordingly, appellant's second assignment of error is overruled.
 {¶ 44} Assignment of Error No. 1:
 {¶ 45} "The trial court erred in denying the defendant with [sic] effective assistance of counsel."
 {¶ 46} In his first assignment of error, appellant argues that he was denied his right to a fair trial because he was not provided with the effective assistance of counsel. Appellant claims that his counsel was ineffective because appellant did not fully understand the impact that his guilty plea would have on the pending matter in Brown County. Further, appellant claims that his trial counsel provided inaccurate advice regarding the revocation of bond and the timing of his sentencing. Also, appellant argues that his trial counsel should have aggressively pursued joining the two Clermont County matters.
 {¶ 47} To establish a claim of ineffective assistance of counsel, appellant must show that his trial attorney's performance was deficient and prejudicial. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052. This requires appellant to show that his counsel's effectiveness "fell below an objective standard of reasonableness." Id. at 688. In addition, appellant must show that he was prejudiced by his counsel's deficient performance. Id. at 687. Thus, appellant must show that there is a reasonable probability that but for his counsel's unprofessional errors, the outcome of the proceeding would have been different. Id. at 694.
 {¶ 48} Appellant argues that his trial counsel did not adequately inform him of the consequences of pleading guilty and that his trial counsel provided inaccurate information regarding the revocation of bond and the timing of sentencing. While there may exist additional evidence that supports appellant's claims, for the purposes of this appeal, our review is limited to the trial court record. State v. McQueen (June 26, 2000), Butler App. No. CA99-05-083.
 {¶ 49} After carefully reviewing the record, we are unable to find support for appellant's claims. As stated earlier, appellant indicated that he fully understood the impact of entering a guilty plea to Count No. 1 during the Crim.R. 11 colloquy with the trial court. The record indicates that appellant understood the impact of his guilty plea, and nothing in the record indicates otherwise. Further, the record contains no evidence that appellant's trial counsel provided inaccurate information regarding the revocation of bond or the timing of sentencing.
 {¶ 50} Appellant also argues that his trial counsel should have aggressively pursued joining the two Clermont County matters. According to Crim.R. 8(A):
 {¶ 51} "[t]wo or more offenses may be charged in the same indictment * * * in a separate count for each offense if the offenses charged * * * are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."
 {¶ 52} Also, Crim.R. 13 provides that:
 {¶ 53} "[t]he court may order two or more indictments * * * to be tried together, if the offenses * * * could have been joined in a single indictment * * *."
 {¶ 54} It appears that the court could have joined the two Clermont County offenses into one matter. As stated above, under the Strickland
test, appellant must show that his counsel's actions were outside the wide range of professionally competent assistance and that he was prejudiced as a result of counsel's actions. 466 U.S. at 689. To establish that he was prejudiced, appellant must demonstrate that there is a reasonable probability that, if not for counsel's errors, the outcome would have been different. State v. Bradley (1989), 42 Ohio St.3d 136,143.
 {¶ 55} Appellant has failed to show that the outcome of this matter would have been different had counsel aggressively pursued joining the two Clermont County cases. Appellant was charged with nine counts of a felony of the fifth degree, and negotiated what appears to be a favorable deal that required him to plead guilty to one count. Appellant fails to demonstrate how his decision to enter into a plea bargain would have been different if the other Clermont County case was joined with this matter. Because appellant has failed to meet the burden under Strickland,
appellant's first assignment of error is overruled.
 {¶ 56} Judgment affirmed.
Valen, P.J., and Young, J., concur.