[Cite as *State v. Wynn*, 2015-Ohio-4646.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-150051 |
|  |  | C-150052 |
| Plaintiff-Appellee, | : | TRIAL NOS. 14TRD-45700A |
|  |  | 14TRD-45700B |
| vs. | : |  |
|  |  | *O P I N I O N.* |
| DIANE WYNN, | : |  |
| Defendant-Appellant. | : |  |


Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed in C-150052; Appeal Dismissed in
C-150051

Date of Judgment Entry on Appeal: November 10, 2015


*Paula Boggs Muething*, City Solicitor, *Heidi S. Rosales*, Interim City Prosecutor, and *Ashley Brucato*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.


Please note: this case has been removed from the accelerated calendar.

**STAUTBERG, Judge.**

{¶1} Defendant-appellant Diane Wynn appeals from the trial court's judgments against her arising out of a traffic accident that occurred on July 6, 2014. Wynn was charged with one count of operating a vehicle without reasonable control, in violation of R.C. 4511.202, and one count of failing to stop after an accident, in violation of R.C. 4549.02. On both counts, Wynn pleaded no contest. The trial court accepted her pleas and found her guilty. For the violation of operating a vehicle without reasonable control, the trial court assessed court costs, but did not impose a sentence on Wynn. She appealed that judgment in the appeal numbered C-150051. For the violation of failing to stop after an accident, the trial court imposed a sentence of 180 days in jail and a three-year license suspension. She appeals that judgment in the appeal numbered C-150052. Wynn asserts two assignments of error in the consolidated appeals.

{¶2} In her first assignment of error, Wynn claims that the trial court erred in failing to set aside her no-contest pleas. In Wynn's second assignment of error, Wynn claims the trial court failed to announce the sentence in open court for each charge of which Wynn was found guilty. We will address these assignments in reverse order.

{¶3} The second assignment of error concerns only the imposition of court costs on the failure-to-control charge. The court costs were included on the trial court's judge's sheets, but were not announced in open court. The trial court did not impose any sentence or fine. Because court costs are not fines and are not criminal punishment, there was no conviction for the R.C. 4511.202 violation, and, therefore, no final appealable order. *See State v. Bennett*, 1st Dist. Hamilton Nos. C-

140507 and C-140508, 2015-Ohio-3246, ¶ 6; *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 15. Because we have no jurisdiction in the absence of a final appealable order, we are compelled to dismiss the appeal numbered C-150051.

{¶4} In her first assignment of error, Wynn essentially argues that the trial court should not have accepted her no-contest pleas, because she expressed her innocence of the charges during the hearing. Because we have dismissed the appealed numbered C-150051, we will only address Wynn's no-contest plea for the failing-to-stop-after-an-accident violation in the appeal numbered C-150052.

{¶5} The record demonstrates that at the hearing, the trial court explained the significance of a no contest plea—that Wynn was admitting the facts alleged on the citation as true, but was not admitting guilt—which Wynn acknowledged that she understood. The trial court further informed Wynn that her plea could not be used against her in later proceedings and listed the possible penalties that could be imposed if she was found guilty of the charge. Again, Wynn expressed that she understood. The trial court subsequently accepted Wynn's plea of no contest.

{¶6} The trial court then requested the facts for the record. The prosecution stated that Wynn had struck two parked cars when she failed to control her vehicle, and she had then left the scene without providing her information to the owners of the vehicles. The trial court provided defense counsel the opportunity to speak in regard to the facts, to which defense counsel responded "comments will be in mitigation." With no further comments from the prosecution or the defense, the trial court found Wynn guilty.

{¶7} During mitigation, the trial court inquired whether alcohol was a factor in Wynn's decision to leave the scene. In response to the trial court's question, Wynn claimed, for the first time to the court, that she was not the driver. A lengthy exchange between Wynn and the trial court followed, and included statements from witnesses who were present in court. Subsequent to the exchange, the trial court imposed a sentence for the failure-to-stop charge.

{¶8} Wynn argues that the trial court did not inquire into her reasons for entering into a plea of no contest in light of her denials, thus failing to follow the two-part test set forth in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In addition, Wynn argues that even though her plea was accepted prior to her statement of innocence, the trial court should have set aside the plea during sentencing as soon as she claimed her innocence. We disagree.

{¶9} Wynn entered a no-contest plea for a violation of R.C. 4549.02, a first-degree misdemeanor. Crim.R. 11(B) states, "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint." An *Alford* plea, in contrast, is a guilty plea where the defendant maintains actual innocence of the charges. *See State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 9. *Alford* does not apply to the instant situation, because Wynn's claim of innocence came after her plea of no contest, the trial court's acceptance of the plea, and the trial court's finding of guilty. Moreover, Wynn pleaded no contest, as opposed to guilty as did the defendant in *Alford*.

{¶10} The trial court was required to determine the validity of Wynn's plea pursuant to Crim.R. 11(E), which states that the trial court shall not accept a plea without first informing the defendant of the effect of a no-contest plea. *See*

4

*State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 22. The trial court did that here, and Wynn answered affirmatively that she understood the plea.

{¶11} Wynn also claims that the trial court should have set aside her no-contest plea when she asserted her innocence at the sentencing portion of her hearing. Wynn argues that because her plea and sentencing hearing were only moments apart, the trial court should have sua sponte set aside her plea upon hearing her claims of innocence.

{¶12} After a defendant has entered a plea and the plea has been accepted pursuant to Crim.R. 11, courts are not required to inquire into a defendant's reasoning for pleading no contest despite later assertions of innocence. *See State v. Reeves,* 8th Dist. Cuyahoga No. 100560, 2014-Ohio-3497, ¶ 13; *State v. Gales*, 131 Ohio App.3d 56, 60, 721 N.E.2d 497 (7th Dist.1999); *State v. Darks*, 10th Dist. Franklin No. 05AP-982, 2006-Ohio-3144, ¶ 18; *State v. Damron*, 2d Dist. Champaign No. 2014-CA-15, 2015-Ohio-2057, ¶ 10; *State v. Briscoe,* 1st Dist. Hamilton No. C-930909, 1995 Ohio App. LEXIS 909 (Mar. 15, 1995). Crim.R. 32.1 provides a defendant with the opportunity to make a motion to withdraw a plea of no contest before a sentence is imposed. Wynn could have utilized Crim.R. 32.1 to move to withdraw her plea, but she did not. The trial court did not err in failing to set aside Wynn's no-contest plea. Wynn's first assignment of error is overruled.

{¶13} In conclusion, we affirm the judgment of the trial court in the appeal numbered C-150052, as the trial court properly accepted Wynn's plea of no contest. We dismiss the appeal numbered C-150051 for lack of a final appealable order.

Judgment accordingly.

5

**CUNNINGHAM, P.J.**, and **DEWINE, J.**, concur.


Please note:

    The court has recorded its own entry on the date of the release of this opinion.