[Cite as *State v. Harris*, 2021-Ohio-4559.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 1-21-30

      v.

ANTHONY W. HARRIS,                O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Lima Municipal Court
Trial Court No. 20CRB01809-A1

Judgment Affirmed

Date of Decision:    December 27, 2021

APPEARANCES:

    *Zachary D. Maisch* for Appellant

    *Joseph C. Snyder* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Anthony W. Harris, appeals the November 2, 2020 judgment of the Lima Municipal Court. For the reasons that follow, we affirm.

*Background*

{¶2} Following a traffic stop on September 18, 2020, Harris was charged with possession of drug paraphernalia in violation of R.C. 2925.14(C), a fourth-degree misdemeanor. On September 23, 2020, Harris appeared for an arraignment and entered a plea of not guilty.

{¶3} Following a bench trial on November 2, 2020, the trial court found Harris guilty of possession of drug paraphernalia. The trial court sentenced Harris to 30 days of local incarceration with 10 days suspended on the condition that he commit no like offenses for two years. That same day, the trial court filed its judgment entry of conviction and sentence.

{¶4} On July 15, 2021, Harris filed a motion for delayed appeal which this Court granted. He raises one assignment of error for our review.

**Assignment of Error**

**The defendant did not receive effective assistance of trial counsel due to the failure to suppress evidence from the traffic stop which resulted in prejudice to the defendant.**

{¶5} In his assignment of error, Harris argues that his trial counsel was ineffective for failing to file a motion to suppress evidence relating to the traffic stop.

*Relevant Law*

{¶6} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 689. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance of counsel. *State v. Frazier*, 61 Ohio St.3d 247, 255 (1991). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St.3d 136, 141 (1989).

Case No. 1-21-30

{¶7} Prejudice results when "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bradley* at 142, quoting *Strickland* at 694. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *Strickland* at 694.

{¶8} "The failure to file a motion is not per se ineffective assistance of counsel." *State v. Costell*, 3d Dist. Union No. 14-15-11, 2016-Ohio-3386, ¶ 161. To sustain a claim of ineffective assistance of counsel based on counsel's failure to file a particular motion, the defendant must first specify the basis for the motion that counsel supposedly should have filed. *See State v. Phelps*, 5th Dist. Delaware Nos. 18 CAA 02 0016 and 18 CAA 02 0017, 2018-Ohio-4738, ¶ 13. Then, the "'defendant must show that the motion had a reasonable probability of success.'" *State v. Dahms*, 3d Dist. Seneca No. 13-16-16, 2017-Ohio-4221, ¶ 101, quoting *State v. Ferguson*, 10th Dist. Franklin No. 16AP-307, 2016-Ohio-8537, ¶ 11; *Phelps* at ¶ 13. If the defendant fails to demonstrate a reasonable probability that the proposed motion would have been granted, counsel is presumed to have been effective since the filing of the motion would have been a "futile act," which the law does not require counsel to undertake. *State v. Leu*, 6th Dist. Lucas No. L-17-1265, 2019-Ohio-3404, ¶ 47; *State v. Cottrell*, 4th Dist. Ross Nos. 11CA3241 and 11CA3242, 2012-Ohio-4583, ¶ 20. Additionally, even if the defendant succeeds in

establishing a reasonable probability of success on the proposed motion, he still "must further show that there is a reasonable probability that the outcome [of the trial] would have been different if the motion had been granted * * *." *State v. Blanton*, 4th Dist. Adams Nos. 19CA1096 and 19CA1097, 2020-Ohio-7018, ¶ 50, appeal allowed, 162 Ohio St.3d 1444, 2021-Ohio-1398; *Phelps* at ¶ 13.

*Analysis*

{¶9} Harris argues his trial counsel was ineffective for failing to file a motion to suppress evidence. Harris contends that the traffic stop which subsequently led to the discovery of the crack pipe forming the basis of his possession of drug paraphernalia citation was unlawful.

{¶10} At the trial, Deputy Alex Gresham, a deputy sheriff with the Allen County Sheriff's Department, testified that at approximately 3:00 a.m. on September 18, 2020, he was driving his marked patrol vehicle behind a white Kia Soul. (Nov. 2, 2020 Tr. at 2-3). Deputy Gresham stated he checked the vehicle's registration from the license plate and discovered the license plate was registered to a black Kia. (*Id.* at 3). Then, he observed the white Kia fail to make a complete stop at a red light before making a right hand turn. (*Id.* at 3-4). Thereafter, Deputy Gresham initiated a stop of the vehicle. (*Id.* at 4). Deputy Gresham stated that he initiated a traffic stop of the vehicle for two reasons: (1) the driver of the vehicle did

not make a complete stop at a red light and (2) the color of the vehicle did not match the color indicated on the vehicle's registration. (*Id.* at 8-11).

{¶11} After making contact with Harris, the driver of the vehicle, Deputy Gresham instructed his canine partner, who is certified in narcotics detection, to conduct a free-air sniff around the vehicle. (*Id.* at 4-5, 12-14). During the free-air sniff, the canine partner sat down, which Deputy Gresham testified is how the canine alerts when it detects the odor of narcotics. (*Id.* at 13). Then, Deputy Gresham conducted a search of the Kia Soul and located a glass pipe in the driver's door which Deputy Gresham recognized as a crack pipe. (*Id.* at 5-6). Deputy Gresham testified that he showed the glass pipe to Harris who admitted the object was a crack pipe. (*Id.* at 6-7). Thereafter, Deputy Gresham wrote Harris a citation for possession of drug paraphernalia. (*Id.* at 7).

{¶12} Harris contends his trial counsel was ineffective for failing to file a motion to suppress evidence. Harris claims the traffic stop was unlawful because his vehicle stopped completely at the red light. According to Harris, Deputy Gresham's dashboard camera footage shows the vehicle making a full stop at the red light before turning right. Harris reasons that because he made a full stop at the red light, Deputy Gresham did not have a lawful basis upon which to stop his vehicle. Harris argues because Deputy Gresham did not conduct a valid traffic stop, the evidence found in his vehicle, namely, the crack pipe, should be suppressed.

Accordingly, Harris reasons that his trial counsel was ineffective for failing to file a motion to suppress evidence because the stop was not valid.

{¶13} Harris's argument fails for two reasons. First, "'[a] claim of ineffective assistance of counsel in a direct appeal must be established by the evidence in the record.'" *State v. Thompson*, 3d Dist. Marion No. 9-20-35, 2021-Ohio-2979, ¶ 12, quoting *State v. Carter*, 7th Dist. Mahoning No. 15 MA 0225, 2017-Ohio-7501, ¶ 78. "'When an allegation of ineffective assistance of counsel is based upon material that is not part of the record, the merits of the argument cannot be addressed.'" *Id.*, quoting *State v. Barnett*, 7th Dist. Jefferson No. 06-JE-23, 2008-Ohio-1546, ¶ 130. Although Harris claims that Deputy Gresham's dash camera footage reveals that he made a full stop at the red light before turning right, the dash camera footage was not introduced at Harris's trial or ever made a part of the record in the trial court. When considering an argument raised on appeal, a reviewing court is limited to considering only the matters found in the record. *Volodkevich v. Volodkevich*, 48 Ohio App.3d 313, 314 (1989). Moreover, the appellant has the duty to provide the reviewing court with a record of the facts, testimony, and evidentiary matters necessary to support the appellant's assignment of error. *Id. See also* App. R. 9(B) and 10(A). Without the dash camera footage, we are unable to determine whether it demonstrated that Deputy Gresham was justified in initiating a traffic stop of the vehicle based on Harris's alleged failure to

make a complete stop at the stop light. Consequently, we are unable to determine whether Harris's trial counsel performed deficiently by failing to pursue a meritorious suppression motion, and we presume regularity in the proceedings below with respect to the traffic stop. *See State v. Belknap*, 11th Dist. Portage No. 2002-P-0021, 2004-Ohio-5636, ¶ 35; *State v. Bradley*, 7th Dist. Columbiana No. 11 CO 26, 2012-Ohio-5880, ¶ 71; *State v. Ash*, 7th Dist. Monroe No. 16 MO 0002, 2018-Ohio-1139, ¶ 31.

{¶14} Next, even if we assume Harris is correct that Deputy Gresham was not justified in stopping his vehicle based on his failure to make a full stop at the red light, Deputy Gresham testified at trial that he initiated the traffic stop, at least in part, because the vehicle's license plate did not match the description of the vehicle's registration. "There are two types of valid traffic stops: (1) where police have probable cause that a traffic violation has occurred or was occurring and (2) where police have reasonable articulable suspicion that criminal activity has occurred." *State v. McMillon*, 7th Dist. Columbiana No. 18 CO 0016, 2019-Ohio-2716, ¶ 11. The Supreme Court of Ohio recently held that "when an officer encounters a vehicle the whole of which is painted a different color from the color listed in the vehicle-registration records and the officer believes, based on his experience, that the vehicle or its displayed license plates may be stolen, the officer has a reasonable, articulable suspicion of criminal activity and is authorized to

-8-

perform an investigative traffic stop." *State v. Hawkins*, 158 Ohio St.3d 94, 2019-Ohio-4210, ¶ 2. Thus, even if Harris did make a complete stop at the intersection, as he alleges, Deputy Gresham could still have had reasonable, articulable suspicion of criminal activity based on the discrepancy between the vehicle's registration and physical appearance and could have conducted a valid traffic stop on that basis. Accordingly, because the traffic stop was valid, there was no basis for the evidence to be suppressed, and any motion to suppress filed by Harris's trial counsel would have been denied. *State v. Marneros*, 8th Dist. Cuyahoga No. 109258, 2021-Ohio-2844, ¶ 26. Without a basis for the motion to suppress, Harris's trial counsel's decision not to file a motion to suppress was not ineffective assistance of counsel. *Id.*

{¶15} Harris's assignment of error is overruled.

*Conclusion*

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Lima Municipal Court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**

Case No.  1-21-30